UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No.  00-31724 |
| Norman B. Erickson, III, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Adv. Proc. No. 07-7005 |
| Norman B. Erickson, III, | ) | |
| | ) | |
| Plaintiff, | ) | **MOTION TO COMPEL** |
| | ) | **DISCOVERY** |
| vs. | ) | |
| | ) | |
| Jeannine Faye Erickson, | ) | |
| | ) | |
| Defendant. | ) | |

TO:   RICHARD FARROH OF ESLINGER, FARROH & GREGORY, PLLP, 711 NORTH WASHINGTON STREET, SUITE 207, GRAND FORKS, N D 58203.

TO:   PATTI JO JENSEN, Galdstad, Jensen & McCann, 411-2nd Street NW, Ste. D, P. O. Box 386, East Grand Forks, MN   56721-0386.

1.   The Plaintiff/Debtor Norman B. Erickson, III ("Plaintiff") moves this Court pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure and Rule 37 of the Federal Rules of Civil Procedure to compel the Defendant Jeannine Faye Erickson ("Defendant") to produce to Plaintiff documents demanded in Plaintiff's Interrogatories and Demand for Production of Documents, Set I and to assess against the Defendant the reasonable attorney's fees and costs incurred by Plaintiff in requiring the Defendant to honor her discovery obligations.

2. The Plaintiff moves this Court pursuant to Rule 7045 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure to compel the Defendant's prior attorney, Ms. Patti J. Jensen ("Attorney Jensen") to produce documents requested by subpoena deuces tecum.

3. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rule 5005. This is a core proceeding. The petition commencing this Chapter 7 case was filed on November 20, 2000. The Plaintiff received a discharge on February 15, 2001. The Court granted Plaintiff's motion to reopen the Chapter 7 case on February 23, 2007. This adversary proceeding is now pending in this Court. This motion arises under Rules 7005, 7007, 7037, and 7045 of the Federal Rules of Bankruptcy Procedure, and Rules 37 and 45 of the Federal Rules of Civil Procedure.

4. Plaintiff request that this Court enter an order compelling: (1) the Defendant to provide all documents requested in Plaintiff's Interrogatories and Demand for Production of Documents, Set I, that are in her custody and control; and (2) Defendant's former attorney, Ms. Patti J. Jensen, to produce all documents requested by a subpoena deuces tecum. Plaintiff also requests that this Court assess against the Defendant the reasonable attorney's fees and costs incurred by Plaintiff in obtaining discovery from the Defendant and her former attorney. The granting of the relief sought is appropriate for the reasons set forth below.

5. On April 24, 2007, Plaintiff served on the Defendant Interrogatories and Demand for Production of Documents, Set I. Defendant served answers to Plaintiff's

Interrogatories and Demand for Production of Documents, Set I on May 31, 2007. True and accurate copies of Defendant's answers to Plaintiff's Interrogatories and Demand for Production of Documents is annexed hereto as Exhibit A.

6. Interrogatory No. 2 required Defendant to provide information "with respect to the debts assigned to Plaintiff in the parties' divorce judgment, state all demands, communications or references to said debts by the Defendant, her attorney, Patti Jensen and/or any other agent or representative of the Defendant to said debts subsequent to the date Plaintiff filed his Chapter 7 bankruptcy petition." Defendant was required to provide all documents, correspondence, reports and/or data compilations relating to such demands, communications or references. See Exhibit A.

7. Defendant did not make reference in responding to Plaintiff's Interrogatories and Demand for Production of Documents, Set I, to the various letters, communications, etc. from Attorney Jensen (that are known to exist), concerning the debts assigned to Plaintiff in the divorce proceeding. Defendant's present attorney in this adversary proceeding, Mr. Richard Farroh, advised that the Defendant did not have any correspondence, other than what was provided in her answers to Interrogatory No. 2 and refused to waive Defendant's attorney-client privilege to allow Plaintiff's counsel to examine the entirety of Attorney Jensen's file on the Erickson divorce proceedings.

8. On April 24, 2007, Plaintiff served on Defendant's former attorney, Ms. Patti J. Jensen, a subpoena deuces tecum requesting documents, correspondence, memoranda,

3

reports and/or data compilations maintained in any form or format subsequent to November 1, 2000 respecting:

    a.    Debts assigned to Norman B. Erickson, II in the Norman Erickson/Jeannine Erickson Divorce action.

    b.    Demands to and/or communications with Norman B. Erickson, III, his attorneys or other representatives respecting debts assigned to Norman B. Erickson, III in the Norman B. Erickson, III/Jeannine Erickson divorce proceeding.

    c.    Communications with anyone aside from Norman B. Erickson, III concerning debts assigned to Norman B. Erickson, III in the Norman B. Erickson, III/Jeannine Erickson divorce proceeding.

    d.    The relationship of the debts assigned to Norman B. Erickson, III in the Norman B. Erickson, III/Jeannine Erickson divorce proceeding to any domestic support obligations arising out of said divorce proceeding.

A true and accurate copy of said Subpoena Deuces Tecum is annexed hereto as Exhibit B.

    9.    On May 15, 2007, Attorney Jensen served a Response to Subpoena Deuces Tecum. A true and accurate copy of said Response to Subpoena Deuces Tecum is annexed hereto as Exhibit C.

    10.    It is apparent, based on a review of documents Plaintiff's counsel received from other sources, that Attorney Jensen's Response to Subpoena Deuces Tecum was incomplete. For example, numerous letters which Attorney Jensen sent to Plaintiff's former counsel in the Erickson divorce action (attorney Carol Johnson), and a letter that Plaintiff sent to Attorney Jensen directing her to send any future correspondence to the Bankruptcy Court were not produced in response to the subpoena. On May 24, 2007, counsel for

4

Plaintiff sent a letter to Attorney Jensen with a copy to Attorney Richard Farroh (Plaintiff's present counsel in the adversary proceeding) detailing the deficiencies in Attorney Jensen's Response to Subpoena Deuces Tecum. A true and accurate copy of the May 24, 2007 letter is annexed hereto as Exhibit D.

11. Attorney Jensen did not respond to the May 24, 2007 letter from Plaintiff's counsel, other than to indicate that she would not produce documents without a waiver of the attorney-client privilege from Defendant. Attorney Farroh indicated by letter and in several telephone conversations with Plaintiff's counsel that Defendant would not waive her attorney-client privilege with Attorney Jensen to allow Plaintiff's counsel to examine the entirety of Attorney Jensen's file in the prior divorce action.

14. Plaintiff's motion to compel should be granted in that Defendant is required to produce documents within her custody and control to fulfill her discovery obligations. Documents within her custody and control certainly include documents held by Defendant's prior attorney in the divorce action, and to-date the Defendant has refused to produce any documents held by Attorney Jensen. Moreover, any claim by Defendant that such documents are protected by the attorney-client privilege was waived by Defendant's failure to object to the discovery request. Plaintiff's motion to compel Attorney Jensen to produce all documents requested in the Subpoena Deuces Tecum should be granted in that no timely motion to quash has been brought, and any claim to the attorney-client privilege has been waived in that a privilege log, as specifically required by Rule 45(d)(2) has not been provided

5

to Plaintiff's counsel.

15. In the filing of the instant motion to compel discovery, Plaintiff will incur attorney's fees in the amount of $450.000.

Dated this 25th day of June, 2007.

VOGEL LAW FIRM

By: /s/Jon R. Brakke
Jon R. Brakke    #03554
Caren W. Stanley #06100
218 NP Avenue
P.O. Box 1389
Fargo, ND 58107-1389
(701) 237-6983
ATTORNEYS FOR PLAINTIFF