UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                    Bankruptcy No. 00-31724
                                                                          Chapter 7
Norman B. Erickson, III,

          Debtor.
_____/                      Adversary No. 07-7005

Norman B. Erickson, III,

          Plaintiff,

   vs.

Jeannine Faye Erickson,

          Defendant.
_____/

**MEMORANDUM AND ORDER**

      This case is before the Court on Motion to Compel Discovery and Motion to Extend Discovery and Postpone Trial Date filed by Plaintiff Norman B. Erickson, III, on June 25, 2007. Defendant Jeannine Faye Erickson filed a Memorandum in Opposition to Plaintiff's Motion to Compel Discovery and to Extend Discovery and Postpone Trial Date on July 5, 2007.

      By Complaint filed March 19, 2007, Plaintiff initiated an adversary proceeding to enforce the discharge injunction, for finding of contempt and for recovery of damages. Although not specified by Plaintiff, the Court agrees with Defendant's assertion that Plaintiff is alleging a violation of 11 U.S.C. § 524(a). Plaintiff alleges that subsequent to his bankruptcy discharge Defendant and her divorce attorney, Patti J. Jensen, violated the discharge order by making repeated demands on Plaintiff for payment of debts assigned to him during their divorce proceedings, but which were discharged in his bankruptcy. Defendant filed an Answer on April 13, 2007, denying that she or her agents violated the discharge injunction.

In his motion, Plaintiff seeks two remedies for the alleged discovery violations. First, pursuant to Federal Rule of Civil Procedure 37, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7037, Plaintiff moves the Court to compel Defendant to produce all of the documents demanded in Plaintiff's Interrogatories and Demand for Production of Documents. Second, pursuant to Federal Rule of Civil Procedure 45, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 9016, Plaintiff moves the Court to compel Patti J. Jensen, a non-party, to produce documents requested by a subpoena duces tecum. Additionally, Plaintiff has moved the Court to extend discovery for 60 days and postpone the trial date for 90 days. Defendant opposes both motions. The Court will address each request in turn.

    1. Motion to Compel Pursuant to Fed. R. Civ. Pro. 37.

On April 24, 2007, Plaintiff served upon Defendant Interrogatories and Demand for Production of Documents, Set I. Defendant served her answers upon Plaintiff on May 31, 2007. In his motion, Plaintiff asserts that Defendant has failed to produce documents which Plaintiff, through independent knowledge, knows to exist. In response to this allegation Defendant has stated that upon directions given to her by her attorney, Richard Farroh, in this adversary proceeding she thoroughly searched for any responsive documents and she provided her attorney with what she found. Not satisfied with this answer, Plaintiff brought the instant motion under Rule 37.

Federal Rule of Civil Procedure 37(a)(2)(A) states that a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R.

Civ. Pro. 37(a)(2)(A); Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006).  The Court has reviewed all of the documents submitted by Plaintiff and has found no such certification.  Because an attempt to confer in good faith with the opposing side is a prerequisite to bringing a motion to compel, Plaintiff's motion to compel discovery from Defendant is denied.  See Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 170 (D. Nev. 1996) (stating that moving party must certify that she has in good faith conferred or attempted to confer with opposing party before bringing motion to compel).

  2.  Motion to Compel Pursuant to Fed. R. Civ. Pro. 45.

  Plaintiff conducted additional discovery by serving a subpoena duces tecum on Patti J. Jensen, Defendant's attorney in her divorce and child custody proceedings.  Plaintiff requested documents, correspondence, memoranda, reports and/or data compilations with respect to: Plaintiff's and Defendant's divorce proceedings; demands or communications with respect to debts assigned to Plaintiff in the divorce proceeding; communications with anyone aside from Plaintiff concerning the debts of Plaintiff; and the relationship of the debts assigned to Plaintiff in the divorce proceeding to any domestic support obligations arising out of the divorce proceedings.  Jensen served her response on May 15, 2007.

  After reviewing Jensen's response, Plaintiff alleged that Jensen's response was incomplete.  In his moving papers, Plaintiff cited no less than five letters which he had independent knowledge of that should have been included in Jensen's response but were not.  On May 24, 2007, Plaintiff sent a letter to Jensen detailing the deficiencies of her response.  Jensen responded by saying that absent a waiver of the attorney-client privilege by Defendant, she would not be producing any further documents.  Plaintiff argues that the attorney-client privilege

3

cannot be asserted with respect to these documents because no objection was made at the time the subpoena was responded to and because no privilege log has been provided as required by Rule 45(d)(2). As a remedy, Plaintiff has asked the Court to require Jensen to turn over her entire file regarding the Erickson divorce.

Contrary to Plaintiff's assertions, the Court finds that Jensen did assert the attorney-client privilege when responding to Plaintiff's subpoena. In her answer to request number 3, Jensen states, "No such documents were located, other than those that were in conjunction with a lawsuit which was commenced against Jeannie in regard to debt assigned to Mr. Erickson in the Judgment. The documents which do not constitute attorney client privilege are attached." While this may not be the most conventional form of asserting the privilege, considering the wide discretion given to trial courts with regard to discovery matters and the importance of the attorney-client privilege, the Court, in its discretion, rules that the privilege was asserted. See Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (stating that the attorney-client privilege is the oldest of the privileges in common law for the protection of confidential communications, which are necessary to encourage full and frank discussion between attorneys and their client).

Furthermore, the Court does not agree with Plaintiff's assertion that Jensen's failure to provide a privilege log contemporaneously with her response waived the attorney-client privilege. Rule 45(d)(2)(A) does not impose a time limit for when a privilege log must be supplied. Fed. R. Civ. Pro. 45(d)(2)(A); DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.), 151 F.3d 75, 80 (2nd Cir. 1998). Instead, courts have ruled that privilege logs must follow responses within a "reasonable time" or in a timely fashion. See Id. at 81; Hobley v. Burge, 433 F.3d 946, 947 (7th Cir. 2006).

4

Particular to this case, the Court notes that Jensen has been representing Defendant in her divorce and child custody proceedings since at least 1999. It is reasonable to believe that Jensen's file is rather voluminous and she may not have been able to go through it in its entirety before the 14 days in which to answer the subpoena had run. There is no evidence that Jensen is playing games with Plaintiff nor is there evidence she is seeking to avoid discovery as is shown by her providing 43 pages of documents to Plaintiff.

The Court, however, is concerned with the fact that Plaintiff has so easily shown several documents which should have been produced through its subpoena request but were not. Therefore, the Court will allow Plaintiff access to Jensen's entire file in a fashion that is both timely and which preserves the integrity of the attorney-client privilege. When providing access to her file, Jensen will also provide Plaintiff with a privilege log that is sufficiently detailed so that Plaintiff, if necessary, is able to contest the claim. See Fed. R. Civ. Pro. 45(d)(2)(A).

3.  Motion to Extend Discovery and Postpone Trial Date.

In her memorandum opposing Plaintiff's motion, Defendant claims that the Motion to Extend Discovery and Postpone Trial Date was untimely. The Court's Pre-Trial Order stated that all discovery procedure be completed by June 25, 2007. Plaintiff filed his motions on June 25, 2007, however, they were erroneously filed in the Plaintiff's main bankruptcy case and not the adversary proceeding. Defendant was given notice of the motions on the 25th and Plaintiff's administrative error was corrected on the on June 26, 2007. Defendant has suffered no harm and the Court will grant Plaintiff's Motion to Extend Discovery and Postpone Trial Date.

The Court, having considered all the filings and records herein, issues the following:

1) Plaintiff Norman B. Erickson's Motion to Compel Discovery with regard to Defendant Jeannine Faye Erickson is hereby denied pursuant to Federal Rule of Civil Procedure Rule 37;

2) Plaintiff Norman B. Erickson's Motion to Compel Discovery with regard to his subpoena duces tecum served on Patti J. Jensen is granted.  Jensen is hereby ordered to make available her entire file regarding the Erickson divorce within 30 days from the date of this Order.  Any documents that are claimed privileged under the attorney-client privilege shall be listed in a privilege log made available to Plaintiff at the same time as the divorce file.  Any document listed on the privilege log must be sufficiently detailed as to allow Plaintiff to contest the privilege if needed.  Any material in Jensen's file relating to the June 2007 hearing regarding which parent is entitled to a tax exemption for claiming the children is immune from discovery.

3) The Clerk of Bankruptcy Court is hereby ordered to extend discovery in this matter for a period of 60 days and to reschedule the adversary proceeding for a date and time no sooner than 90 days from the date of this Order.

**SO ORDERED.**

Dated this 19th day of July, 2007

WILLIAM A. HILL, JUDGE
U.S. BANKRUPTCY COURT